## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Acushnet Company alleges as follows:

### PARTIES

1.     Plaintiff Acushnet Company ("Acushnet") is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 333 Bridge Street, Fairhaven, Massachusetts 02719. Acushnet is involved in the manufacture, marketing and sale of golf products, including golf balls, in the United States, including in this judicial district. Acushnet is the owner of United States Patent Nos. 6,913,547; 7,255,656; 7,226,369; 6,945,880; 7,473,195; 7,491,137; 6,905,426; 7,455,601; and 6,180,040 (respectively, the "'547, '656, '369, '880, '195, '137, '426, '601 and '040" patents).

2.     Defendant Callaway Golf Company ("Callaway"), upon information and belief, is a corporation existing under the laws of the State of Delaware, having a principal place of business in Carlsbad, California.

### JURISDICTION AND VENUE

3.     This is an action arising under the patent laws of the United States and the Declaratory Judgment Act, Title 28 of the United States Code, Chapter 151. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Callaway is subject to personal jurisdiction in this District because, upon information and belief, Callaway is a Delaware corporation and is doing substantial business in this District, including business relating to the sale and distribution for sale of the infringing products as described below.

5.      Callaway is also subject to personal jurisdiction in this District based on a 2008 Litigation Settlement Agreement, attached as Exhibit M (filed under seal pursuant to D. Del. LR 26.2.). *See* Ex. M §§ 11.1-11.2.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) and pursuant to the 2008 Litigation Settlement Agreement, § 11.2. *See* Ex. M.

## FACTUAL ALLEGATIONS AND BACKGROUND

7.      Acushnet is a market leader in the manufacture and design of golf equipment. Acushnet develops and sells products under the brand names of Titleist®, FootJoy®, Cobra®, Pinnacle®, and Scotty Cameron®.

8.      Acushnet has been manufacturing golf balls under the Titleist® name since 1935. Acushnet's Titleist® golf balls have been recognized by both professionals and general consumers as the best golf balls on the market. In fact, 2008 marked the 60th straight year that Titleist® products were the most-used products at the U.S. Open.

9.      Acushnet has developed and continues to develop new technologies for use in its golf balls. Acushnet's investment in these technologies has been extensive. To protect this investment, Acushnet has applied for and obtained a number of patents, including the '547, '656, '369, '880, '195, '137, '426, '601 and '040 patents (collectively "Acushnet's patents-in-suit").

10.     Acushnet's patent rights pertain to a number of aspects of golf ball design and manufacture. One such aspect is the composition and construction of multi-piece golf balls.

Another such aspect is the design of dimple patterns and profiles for golf balls such that the golf balls exhibit advantageous aerodynamic properties.

11.    Golf balls with Acushnet's patented technology offer superior performance, including longer distance, better aerodynamic properties, better feel, and improved wear resistance, compared to prior art golf balls.

12.    Callaway makes and sells golf balls, including the Callaway Tour i and the Callaway Tour ix, that, without license from Acushnet, unlawfully incorporate the technology claimed in Acushnet's patents.

## COUNT I – INFRINGEMENT OF THE '547 PATENT

13.    Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14.    Acushnet is the owner by assignment of all right, title and interest in the '547 patent entitled "Thin-Layer-Covered Multilayer Golf Ball", which was duly and legally issued by the United States Patent and Trademark Office on July 5, 2005.  A copy of the '547 patent is attached as Exhibit A.

15.    Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '547 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

16.    Callaway has and has had actual notice of the '547 patent.

17.    Callaway has and has had constructive notice of the '547 patent pursuant to 35 U.S.C. § 287(a).

3

18.     Callaway's infringement of the '547 patent, upon information and belief, has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '547 patent.

19.     As a result of Callaway's infringement of the '547 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT II – INFRINGEMENT OF THE '656 PATENT

20.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

21.     Acushnet is the owner by assignment of all right, title and interest in the '656 patent entitled "Multi-Layer Core Golf Ball," which was duly and legally issued by the United States Patent and Trademark Office on August 14, 2007.  A copy of the '656 patent is attached as Exhibit B.

22.     Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '656 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

23.     Callaway has and has had actual notice of the '656 patent.

24.     Callaway's infringement of the '656 patent, upon information and belief, has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '656 patent.

25.     As a result of Callaway's infringement of the '656 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT III – INFRINGEMENT OF THE '369 PATENT

26.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

27.     Acushnet is the owner by assignment of all right, title and interest in the '369 patent entitled "Golf Ball With Improved Flight Performance," which was duly and legally issued by the United States Patent and Trademark Office on June 5, 2007.  A copy of the '369 patent is attached as Exhibit C.

28.     Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '369 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

29.     Callaway has and has had actual notice of the '369 patent.

30.     Callaway's infringement of the '369 patent, upon information and belief, has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '369 patent.

31.     As a result of Callaway's infringement of the '369 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT IV– INFRINGEMENT OF THE '880 PATENT

32.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

33.     Acushnet is the owner by assignment of all rights, title and interest in the '880 patent entitled "Golf Ball With Improved Flight Performance," which was duly and legally

issued by the United States Patent and Trademark Office on September 20, 2005. A copy of the '880 patent is attached as Exhibit D.

34.    Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '880 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

35.    Callaway has and has had actual notice of the '880 patent.

36.    Callaway has and has had constructive notice of the '880 patent pursuant to 35 U.S.C. § 287(a).

37.    Callaway's infringement of the '880 patent, upon information and belief, has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '880 patent.

38.    As a result of Callaway's infringement of the '880 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT V – INFRINGEMENT OF THE '195 PATENT

39.    Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

40.    Acushnet is the owner by assignment of all rights, title and interest in the '195 patent entitled "Golf Ball With Improved Flight Performance," which was duly and legally issued by the United States Patent and Trademark Office on January 6, 2009. A copy of the '195 patent is attached as Exhibit E.

41.    Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '195 patent by making, using, selling and/or offering for sale in the

United States certain products including, but not limited to, the Callaway Tour i and Callaway

Tour ix golf balls in violation of 35 U.S.C. § 271.

42.     Callaway has and has had actual notice of the '195 patent.

43.     Callaway's infringement of the '195 patent, upon information and belief, has been

and continues to be willful and deliberate and without regard to Acushnet's rights in the '195

patent.

44.     As a result of Callaway's infringement of the '195 patent, Acushnet has been and

continues to be damaged in an amount yet to be determined.

### COUNT VI – INFRINGEMENT OF THE '137 PATENT

45.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as

if fully set forth herein.

46.     Acushnet is the owner by assignment of all rights, title and interest in the '137

patent entitled "Golf Ball With Improved Flight Performance," which was duly and legally

issued by the United States Patent and Trademark Office on February 17, 2009.  A copy of the

'137 patent is attached as Exhibit L.

47.     Upon information and belief, Callaway has infringed and continues to infringe

one or more claims of the '137 patent by making, using, selling and/or offering for sale in the

United States certain products including, but not limited to, the Callaway Tour i and Callaway

Tour ix golf balls in violation of 35 U.S.C. § 271.

48.     Upon information and belief, Callaway has and has had actual notice of the '137

patent.

49.   Upon information and belief, Callaway's infringement of the '137 patent has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '137 patent.

50.   As a result of Callaway's infringement of the '137 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT VII – INFRINGEMENT OF THE '426 PATENT

51.   Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

52.   Acushnet is the owner by assignment of all rights, title and interest in the '426 patent entitled "Golf Ball With Spherical Polygonal Dimples," which was duly and legally issued by the United States Patent and Trademark Office on June 14, 2005.  A copy of the '426 patent is attached as Exhibit F.

53.   Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '426 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

54.   Callaway has and has had actual notice of the '426 patent.

55.   Upon information and belief, Callaway's infringement of the '426 patent has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '426 patent.

56.   As a result of Callaway's infringement of the '426 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT VIII – INFRINGEMENT OF THE '601 PATENT

57.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

58.     Acushnet is the owner by assignment of all rights, title and interest in the '601 patent entitled "Golf Ball With Spherical Polygonal Dimples," which was duly and legally issued by the United States Patent and Trademark Office on November 25, 2008.  A copy of the '601 patent is attached as Exhibit G.

59.     Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '601 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

60.     Callaway has and has had actual notice of the '601 patent.

61.     Callaway's infringement of the '601 patent, upon information and belief, has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '601 patent.

62.     As a result of Callaway's infringement of the '601 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## COUNT IX – INFRINGEMENT OF THE '040 PATENT

63.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

64.     Acushnet is the owner by assignment of all rights, title and interest in the '040 patent, duly and legally issued by the United States Patent and Trademark Office on January 30, 2001.  A copy of the '040 patent is attached as Exhibit H.

65.     Upon information and belief, Callaway has infringed and continues to infringe one or more claims of the '040 patent by making, using, selling and/or offering for sale in the United States certain products including, but not limited to, the Callaway Tour i and Callaway Tour ix golf balls in violation of 35 U.S.C. § 271.

66.     Callaway has and has had actual notice of the '040 patent.

67.     Upon information and belief, Callaway's infringement of the '040 patent has been and continues to be willful and deliberate and without regard to Acushnet's rights in the '040 patent.

68.     As a result of Callaway's infringement of the '040 patent, Acushnet has been and continues to be damaged in an amount yet to be determined.

## DECLARATORY JUDGMENT ALLEGATIONS

69.     Callaway is the named assignee of United States Patent Nos. 6,495,633; 6,623,381; and 6,991,562 (respectively, the "'633, '381 and '562" patents) (collectively referred to as "Top-Flite patents"). In 2003, Callaway acquired the Top-Flite patents from the Top-Flite Golf Company, previously known as Spalding Sports Worldwide, Inc.

70.     Callaway has asserted to Acushnet that one or more models of Acushnet's Titleist brand golf balls infringe the Top-Flite patents. Acushnet denies Callaway's assertions of infringement.

71.     Contemporaneously with the filing of this Complaint, Acushnet intends to file at the United States Patent and Trademark Office requests for reexamination of the Top-Flite '633 and '381 patents. *See* 2008 Settlement Agreement, Ex. M, § 11.2.

## COUNT X – DECLARATORY JUDGMENT AGAINST THE '633 PATENT

72.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 and 69 through 71 as if fully set forth herein.

73.     The '633 patent entitled "Dual Cores for Golf Balls" was issued by the United States Patent and Trademark Office on December 17, 2002.  A copy of the '633 patent is attached as Exhibit I.  Callaway is the named assignee of the '633 patent.

74.     Callaway has asserted to Acushnet that one or more models of its Titleist brand golf balls infringe one or more claims of the '633 patent.

75.     Acushnet does not infringe any valid claim of the '633 patent.

76.     Callaway is aware that Acushnet does not infringe the '633 patent, and therefore made its infringement assertion in bad faith.

77.     The '633 patent is invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

78.     As a result of Callaway's assertions regarding the '633 patent, an actual and justiciable controversy exists between Acushnet and Callaway with respect to whether Acushnet infringes any valid claim of the '633 patent.

## COUNT XI – DECLARATORY JUDGMENT AGAINST THE '381 PATENT

79.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 and 69 through 71 as if fully set forth herein.

80.     The '381 patent entitled "Multi-Layer Golf Ball" was issued by the United States Patent and Trademark Office on September 23, 2003.  A copy of the '381 patent is attached as Exhibit J.  Callaway is the named assignee of the '381 patent.

81.     Callaway has asserted to Acushnet that one or more models of its Titleist brand golf balls infringe one or more claims of the '381 patent.

82.     Acushnet does not infringe any valid claim of the '381 patent.

83.     Callaway is aware that Acushnet does not infringe the '381 patent, and therefore made its infringement assertion in bad faith.

84.     The '381 patent is invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

85.     As a result of Callaway's assertions regarding the '381 patent, an actual and justiciable controversy exists between Acushnet and Callaway with respect to whether Acushnet infringes any valid claim of the '381 patent.

## COUNT XII – DECLARATORY JUDGMENT AGAINST THE '562 PATENT

86.     Acushnet incorporates and realleges the allegations of paragraphs 1 through 12 and 69 through 71 as if fully set forth herein.

87.     The '562 patent entitled "Golf Ball with Soft Core" was issued by the United States Patent and Trademark Office on January 31, 2006.  A copy of the '562 patent is attached as Exhibit K.  Callaway is the named assignee of the '562 patent.

88.     Callaway has asserted to Acushnet that one or more models of its Titleist brand golf balls infringe one or more claims of the '562 patent.

89.     Acushnet does not infringe any valid claim of the '562 patent.

90.     Callaway is aware that Acushnet does not infringe the '562 patent, and therefore made its infringement assertion in bad faith.

91.    The'562 patent is invalid for failure to satisfy the requirements of Part II of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

92.    As a result of Callaway's assertions regarding the '562 patent, an actual and justiciable controversy exists between Acushnet and Callaway with respect to whether Acushnet infringes any valid claim of the '562 patent.

## PRAYER FOR RELIEF

WHEREFORE, Acushnet prays for a judgment that:

1.    Permanently enjoin Callaway, its agents and employees, and any others acting in concert with it, from infringing, inducing the infringement of, or contributing to the infringement of Acushnet's U.S. Patent Nos. 6,913,547; 7,255,656; 7,226,369; 6,945,880; 7,473,195; 7,491,137; 6,905,426; 7,455,601; and 6,180,040;

2.    Awards Acushnet its damages resulting from infringement, and treble damages as a result of Callaway's willful misconduct in infringing Acushnet's patents;

3.    Declares that Acushnet does not infringe any valid claim of the '633, '381 and '562 patents and that the claims of the '633, '381 and '562 patents are invalid;

4.    Declares this case an exceptional case pursuant to 35 U.S.C. § 285; and

5.    Awards Acushnet its costs and attorneys' fees and such other relief as is just and appropriate.

## JURY DEMAND

Acushnet demands trial by jury on all issues triable of right by a jury.

Respectfully submitted

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Henry Bunsow
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Tel: (415) 848-4900

By:   */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Joseph P. Lavelle
Kenneth W. Donnelly
Brian A. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Tel:  (202) 783-0800

*Counsel for Plaintiff*
*Acushnet Company*

Dated:  March 3, 2009
905312 / 30030-001

14