**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 09-130-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |
| | ) | |
| CALLAWAY GOLF COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 09-131-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ACUSHNET COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

At Wilmington this_____ day of_____2009, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties will exchange by **August 27, 2009** the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery**.

(a)    The issues of willfulness and damages shall be bifurcated for

purposes of discovery and trial, unless good cause is shown otherwise.

(b)   Discovery will be needed on the following subjects:  prosecution of the patents-in-suit, the alleged inventions of the patents-in-suit, documents related to asserted prior art, research and development of the accused products, features and operation of the accused products, secondary considerations of non-obviousness of the alleged inventions including but not limited to commercial success of products covered by the patents-in-suit, sales and marketing of the accused products and products covered by the patents-in-suit, competition between the parties, competition within the relevant market, golf balls which compete against the parties' accused products, as well as other facts relevant to whether permanent injunctive relief is warranted.

(c)   All fact discovery shall be commenced in time to be completed by **October 13, 2010**.

(1)   Document production shall be completed on or before **April 30, 2010**.

(2)   Maximum of **45 interrogatories** by each party to any other party.

(3)   In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)   Maximum of **80 requests for admission** by each party to any other party.

2

(5)   In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)   Maximum of **160 hours** for fact depositions taken by Callaway Golf; maximum of **125 hours** for fact depositions taken by Acushnet.

(d)   Expert discovery shall be commenced in time to be completed by **April 8, 2011**.

(1)   Expert reports on issues for which the parties have the burden of proof due **November 30, 2010**.  Rebuttal expert reports due **January 24, 2011**.

(2)   Expert depositions to be limited to a maximum of **14 hours** for invalidity and infringement experts, and **7 hours** for unenforceability experts unless extended by agreement of the parties.

(3)   All Daubert motions shall be filed on or before **May 9, 2011**.

(e)   Supplementations under Rule 26(e) are due every second month starting from **January 17, 2011** to 30 days before trial.

(f)   **Discovery Disputes.**

(1)   The court shall conduct an in-person discovery status conference on **February 10, 2010** from **4:30 p.m.** to **5:30 p.m.,** the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent prior approval of the court.**

(2)   The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

3

(3)    Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)    **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

(h)    **Combination of Cases for Discovery and Pretrial Issues**.  For convenience, the above-captioned cases will be combined for the purposes of discovery and pre-trial issues.  All discovery limits set forth herein apply to the combined cases.  This combination shall not affect the decision of how the trial(s) of the above-captioned cases shall proceed, and shall not prejudice either party's ability to advocate for a consolidated trial or separate trials.

3.      **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **November 30, 2009**.

4.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge

may require the parties informally to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

     5.     **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on **April 18, 2011.**  This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

     6.     **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on **July 8, 2011**.  Opposition briefs shall be served and filed on **August 8, 2011.**  Reply briefs shall be served and filed on **August 29, 2011.**

     7.     **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

     The parties shall agree upon and file the Joint Claim Construction Statement on **June 13, 2011** with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on **July 8, 2011**.  Simultaneous response briefs should be filed by **August 29, 2011.** Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion practice, if any.  The hearing on the claim construction and motion(s) for summary judgment will be heard on **September 20, 2011 at 10:00 a.m.**

8.      Applications by Motion.  Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)   **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)   No telephone calls shall be made to chambers.

(c)   Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.      **Motions in Limine.**  **No** motions in limine shall be filed; instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.     **Scope of Trial(s), Claim Construction and Summary Judgment Motions.**  To address the scope of trial(s) regarding these matters as well as to address how claim construction and summary judgment briefing shall proceed, a conference between the parties and the Court shall be conducted on **April 15, 2011,** at 9:30 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware

11.     **Pretrial Conference.**  A pretrial conference will be held on **February 22, 2012** at **4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12.     **Trial**. This matter is scheduled for a jury trial commencing on **March 16, 2012** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.[1]

---

[1] The parties respectfully submit that for these matters it appears to be premature to now determine the particular scope of trial(s).  At present Acushnet expects that the trial(s) of all issues in the above-captioned cases will take at least three weeks in total, but that it is premature at this time to determine whether some form of a consolidated trial would be appropriate. Callaway Golf anticipates that a trial of all issues would take several weeks, but believes a resolution of these matters would be more effectively advanced if, after discovery, each party were to choose two patents to present at one trial which then could be completed in less than two weeks.  The parties will, of course, be prepared to discuss this issue further at the scheduling conference.

The following chart summarizes the deadlines set forth herein:

| Description | Date |
|---|---|
| Deadline Pretrial Discovery Disclosures | 08/27/2009 |
| Deadline for Motions to Join Other Parties and Amend the Pleadings | 11/30/2009 |
| Discovery Status Conference | 02/10/2010 |
| Deadline Document Production | 04/30/2010 |
| Deadline Fact Discovery | 10/13/2010 |
| Expert Reports Due | 11/30/2010 |
| Rebuttal to Expert Reports Due | 01/24/2011 |
| Expert Discovery Completed | 04/08/2011 |
| Hearing to Discuss Scope of Trial(s) and Briefing | 4/15/2011 |
| Claim Construction Issue Identification Deadline | 04/18/2011 |
| Fact Witness Lists Due | 05/09/2011 |
| Deadline for Daubert Motions | 05/09/2011 |
| Rebuttal Fact Witness Lists Due | 06/09/2011 |
| Joint Claim Construction Statement Due | 06/13/2011 |
| Remaining Fact Witness Depositions Completed | 07/01/2011 |
| Deadline Motions for Summary Judgment and Due Date for Opening Claim Construction Briefs | 07/08/2011 |
| Answers to Summary Judgment Motions Due | 08/08/2011 |
| Reply to Summary Judgment Motions Due and Due Date for Claim Construction Response Briefs | 08/29/2011 |
| Hearing on Claim Construction and Motions for Summary Judgment | 09/20/2011 |
| Pretrial Conference | 02/22/2012 |
| Trial Begins | 03/16/2012 |

_____

United States District Court Judge

927609 / 30030-001

8